**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re ANTHONY DAVID BUONO,<br><br>Debtor. | Bankruptcy Action No. 19-19924 (KCF) |
| ANTHONY DAVID BUONO,<br><br>Appellant,<br><br>v.<br><br>CITY OF NEWARK,<br><br>Appellees. | **ON APPEAL FROM THE BANKRUPTCY COURT OF THE DISTRICT OF NEW JERSEY**<br><br>Civil Action No. 19-19925 (MAS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Appellant Anthony David Buono's ("Appellant" or "Debtor") appeal (Notice of Appeal, ECF No. 1) of the Bankruptcy Court's Order (Adversary ECF No. 10)[1] granting Appellee City of Newark's ("Appellee" or "City") Cross-Motion for Summary Judgment. Appellant filed his initial brief in support (ECF No. 3), the City opposed (ECF No. 4), and Appellant replied (ECF No. 5). The Court has carefully considered the parties' submissions and, pursuant to Local Civil Rule 78.1, decides the matter without oral argument. For the reasons set forth below, Appellant's Appeal is denied, and the Order of the Bankruptcy Court is affirmed.

---

[1] Docket entries from the underlying bankruptcy proceeding—*In re Anthony David Buono*, No. 19-19924 (Bankr. D.N.J.)—are designated as "Bankr. ECF No." Docket entries from the related adversary proceeding (the "Adversary Proceeding")—*City of Newark v. Anthony David Buono*, No. 19-2082 (Bankr. D.N.J.)—are designated as "Adversary ECF No."

## I. BACKGROUND[2]

Debtor, a police officer employed by the City, was arrested on or about June 16, 2015 and charged with several crimes relating to the theft and disclosure of data taken from an official department database. (Debtor's Appeal Br. 1, ECF No. 3; City Opp'n Br. 3, ECF No. 4.)[3] On June 17, 2015, Debtor was suspended without pay. (City Opp'n Br. 3.) Following a grievance hearing, an arbitrator ordered the City to compensate Debtor for back pay and to either convert Debtor's suspension to one with pay or reinstate him pending disposition of the criminal charges. (*Id.*) The City converted Debtor's suspension to one with pay. (*Id.*)

On November 3, 2017, Debtor pleaded guilty to one count of computer theft, in violation of N.J. Stat. Ann. § 2C:20-25(c) and was sentenced to a two-year probationary term. (*Id.*) Between Debtor's initial suspension on June 17, 2015 and his guilty plea on November 3, 2017, Debtor received a total of $360,719.66 in salary from the City. (*Id.* at 4.) On July 17, 2018, the City filed a complaint in the Superior Court of New Jersey, seeking reimbursement for the salary (the "Debt") paid to Debtor during his suspension, pursuant to N.J. Stat. Ann. § 40A:14-149.3. (*Id.*)[4]

On May 15, 2019, Debtor filed the underlying Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of New Jersey. (Bankr. ECF No. 1.) On August 8, 2019, the City initiated the Adversary Proceeding, "seeking a determination that the [D]ebt [the Debtor]

---

[2] As the Court writes primarily for the parties, who are familiar with the factual and procedural history of this matter, the Court forgoes a lengthy recitation of the facts and only includes those facts needed to decide the instant appeal.

[3] Because the parties agree that there are no factual issues in dispute, the Court forgoes further parallel citations.

[4] N.J. Stat. Ann. § 40A:14-149.3 provides that "[i]f any municipal police officer is suspended with pay and is found guilty of the charges brought against him said police officer shall reimburse the municipality for all pay received by him during the period of his suspension."

2

owed [the City] . . . was [nondischargeable]." (Adversary ECF No. 1.) Debtor moved to dismiss the Adversary Proceeding, (Adversary ECF No. 4), and the City cross-moved for summary judgment as to dischargeability (Adversary ECF No. 7). On October 23, 2019, after hearing oral argument, the Honorable Judge Kathryn C. Ferguson, U.S.B.J., denied Debtor's motion to dismiss and granted the City's cross-motion for summary judgment. (Adversary ECF No. 10.) On November 6, 2019, Debtor filed the instant Notice of Appeal. (ECF No. 1.)

## II.    ISSUES PRESENTED ON APPEAL AND THE PARTIES' POSITIONS

Although "[t]he overriding purpose of the Bankruptcy Code is to relieve debtors from the weight of oppressive indebtedness and provide them with a fresh start," *In re Cohn*, 54 F.3d 1108, 1113 (3d Cir. 1995), several exceptions to this maxim are enumerated under 11 U.S.C. § 523. Indeed, a debt is not dischargeable "to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty[.]" 11 U.S.C. § 523(a)(7).

Here, the parties do not dispute that the Debt is payable to and for the benefit of a governmental unit. (Debtor's Appeal Br. 12; City Opp'n Br. 9.) Appellant also appears to concede that the first prong of the statutory analysis is satisfied. (*See* Debtor's Appeal Br. 12. ("it is "undisputed . . . that the reimbursement of the salary at issue is a fine, penalty[,] or forfeiture. What is at issue is if the purpose of [N.J. Stat. Ann. §] 40A14-149[.3] is . . . a recovery of pecuniary loss by the governmental entity, such that . . . the obligation is dischargeable."); *see also* Debtor's Reply Br. 2, ECF No. 5) ("The [D]ebt at issue, while clearly a penalty or forfeiture within the meaning

of [11 U.S.C. § 523(a)(7)]. . . .".) Because the City characterizes the first prong as being in dispute, out of an abundance of caution, the Court addresses it in Section IV.A., *infra*.[5]

### A.  Debtor's Position

Debtor advances numerous arguments in support of his appeal. As a general matter, Debtor contends that the Bankruptcy Court "impermissibly read the exception to discharge contained in [11 U.S.C. § 523(a)(7)] broadly and failed to distinguish controlling facts in the[] cited authorities." (Debtor's Appeal Br. 6.) Debtor argues that he and the City had a contractual employment relationship that was subject to certain restrictions. (*Id.* at 13.) "One of the statutory and contractual requirements was that the [D]ebtor was to be paid during the period of suspension, and another was, that should he suffer a conviction, he would reimburse the [C]ity for his salary paid during the period of suspension." (*Id.*) Debtor contends that "the [C]ity seeks to recover its contractual amount due, nothing more." (*Id.*) Debtor points to *Borough of Bogota v. Tasca*, No. A-0438-14T3, 2015 WL 1880004, at *1 (N.J. Super. Ct. App. Div. Apr. 27, 2015), in support of his argument. (*Id.* at 14–15.)[6] Debtor baldly asserts that the statute "provides a civil remedy, and not an additional punishment, in the eyes of the [s]tate of New Jersey, [which] is evidenced by the way the matter is addressed in state court." (*Id.* at 15.) Debtor, however, provides no authority to support his assertion.

---

[5] (*But see* (Transcript of Oct. 22, 2019 Motion Hearing Before Judge Ferguson ("Tr.") 15:5–10 ("The Debtor contends that the debt cannot be considered a forfeiture because . . ."), Docket Entry for Dec. 12, 2019; Adversary ECF No. 8 at 5 ("[I]t is disputed that the debt constitutes a fine, penalty[,] or forfeiture. . . .").)

[6] The Court notes that, apart from providing the name of the case and the text "NJ: Appellate Div. 2015," Debtor does not provide any further citation information for this case. Debtor's subsequent analysis and argument relying on *Tasca* similarly fails to provide any citations to, or quotations from, the decision. (Debtor's Appeal Br. 14–15.) Similarly, despite stating that "[t]he legislative history of the statute" supports his contention that the Debt is not penal in nature, Debtor fails to provide a single citation to support his assertion. (*See id.* at 14.)

4

Finally, Debtor argues that the Debt cannot be a fine, penalty, or forfeiture because it would violate the 8th Amendment of the United States Constitution and Article 1, Section 12 of the New Jersey Constitution, "which both forbid the imposition of excessive fines by the government." (*Id.*) Debtor further contends that the Supreme Court has extended double jeopardy protections to include civil penalties that "are not solely remedial in purpose." (*Id.* at 18.) Debtor concludes by arguing:

> In short, if the money at issue in this case is a remedial amount, to satisfy the government pecuniary loss, it is a dischargeable debt under [11 U.S.C. § 523(a)(7)], if it is a penalty, fine or forfeiture bearing no or little relationship to the loss due to the debtors crime, it is an excessive fine, and violates the debtors double jeopardy rights by subjecting him to punishment twice, once in the state court criminal proceeding, and again in the state court civil proceeding to enforce the [nondischargeable] judgment.

(*Id.* at 27–28.)

On reply, Debtor argues this Court should consider his constitutional arguments because the "issue was raised sufficiently below to allow it to be addressed"[7] or, alternatively, the Court should exercise its discretion and address the issue because "there are no new facts required to decide it." (Debtor's Reply Br. 6–7, ECF No. 5.)

### B.    City's Position

The City argues that although the terms "fine, penalty, or forfeiture" are not defined by N.J. Stat. Ann. § 40A14-149.3, they are unambiguous and should be accorded their plain meaning. (City Opp'n Br. 10.) The City contends that the Debt is a "forfeiture" because Debtor is being divested of specific property, the salary he received during his suspension, without receiving

---

[7] Despite Debtor's assertion, the Court notes that Debtor does not provide a citation to where this argument was "raised sufficiently below to allow it to be addressed." (*See* Appellant's Reply Br. 6–7.)

5

anything in return. (*Id.* at 11.) Alternatively, the City argues that the Debt could also be considered a "penalty" because the statute "penalizes Debtor by requiring him to repay the salary he received during his period of suspension if he is convicted of a criminal charge." (*Id.* at 12.)

As to the next element, the City avers that the Debt is not "compensation for an actual pecuniary loss," and, therefore, is not dischargeable through bankruptcy. (*Id.*) The City urges the Court to adopt the conclusions of Judge Ferguson who held:

> The [D]ebt at issue here is not the repayment of ill-gotten gains. To the contrary, it's an additional penalty for a police officer convicted of a crime. In that sense, it is penal in nature and, thus akin to the type of debt found to be [nondischargeable] in *Kelly v. Robinson*, 479 U.S. 36, the seminal Supreme Court case on this issue.

(Tr. 16:5–20.) The City also cites to other cases where courts have stated that "'actual pecuniary loss' connotes measurable damages from particular instances of wrongdoing." (City Opp'n Br. 13 (citing *In re Kish*, 238 B.R. 271, 284–85 (Bankr. D.N.J. 1999)).) The City, citing *In re Kish*, further contends that even if a debt is "considered to stem in part from an 'actual pecuniary loss,' it may still be [nondischargeable] if [the debt] is 'penal' in nature." (*Id.* at 15.) According to the City, "the statute's primary purpose is penal . . . [because it] is meant to punish a municipal police officer for being convicted of a criminal offense." (*Id.* at 16.)

The City also argues this Court should reject Debtor's constitutional arguments because: (1) Debtor failed to raise these arguments below and, therefore the arguments are waived on appeal; (2) the essence of Debtor's argument is a constitutional challenge to N.J. Stat. Ann. § 40A14-149.3, and, therefore, he was required by Local Civil Rule 24.1(b) to notify the City that he was challenging the constitutionality of the statute but failed to do so; (3) the Debt has not been reduced to a judgment so Debtor may still raise his constitutional arguments in the Superior Court proceeding; and (4) "[t]here is no authority for the proposition that the Fifth or Eighth Amendments

6

have any application whatsoever in a Bankruptcy Court Adversary Action seeking a dischargeability determination" and the courts that have addressed such arguments have deemed them "meritless." (City Opp'n Br. 18–19.)

## III.   STANDARD OF REVIEW

A district court has appellate jurisdiction over a bankruptcy court's final judgments, orders, and decrees. *See* 28 U.S.C. § 158(a) ("The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title"). "[C]onsiderations unique to bankruptcy appeals" require "constru[ing] finality in a more pragmatic, functional sense . . . ." *In re Prof'l Ins. Mgmt.*, 285 F.3d 268, 279 (3d Cir. 2002). Thus, "a bankruptcy court order ending a separate adversary proceeding is appealable as a final order even though that order does not conclude the entire bankruptcy case." *Id.* at 281 (quoting *In re Moody*, 817 F.2d 365, 367–68 (5th Cir. 1987)). "But in determining whether an order deciding a specific adversary proceeding is final, we typically 'apply the same concepts of appealability as those used in general civil litigation.'" *In re Odyssey Contracting Corp.*, 944 F.3d 483, 486 (3d Cir. 2019), *cert. denied sub nom. Odyssey Contracting Corp. v. L & L Painting Co.*, 207 L. Ed. 2d 143 (May 26, 2020) (quoting *In re White Beauty View, Inc.*, 841 F.2d 524, 526 (3d Cir. 1988)). "A final judgment is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Id.* (quoting *Riley v. Kennedy*, 553 U.S. 406, 419 (2008). Thus, an order is not final where it "contemplates the possibility of future proceedings." *Id.* (quoting *Delgrosso v. Spang & Co.*, 903 F.2d 234, 236 (3d Cir. 1990)).

The standard of review for bankruptcy court decisions "is determined by the nature of the issues presented on appeal." *Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm.*, 321

7

B.R. 147, 157 (D.N.J. 2005). Findings of fact are reviewed under a "clearly erroneous" standard, where factual findings may only be overturned "when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Cellnet Data Sys., Inc.*, 327 F.3d 242, 244 (3d Cir. 2003) (internal quotation marks and citation omitted). Legal conclusions, on the other hand, are subject to *de novo* review by the district court. *See Donaldson v. Bernstein*, 104 F.3d 547, 551 (3d Cir. 1997). If it is alleged that the bankruptcy court abused its discretionary authority, the district court may only inquire whether the bankruptcy court's decision "rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *Int'l Union, UAW v. Mack Trucks, Inc.*, 820 F.2d 91, 95 (3d Cir. 1987). A district court evaluates mixed questions of law and fact "under a mixed standard, affording a clearly erroneous standard to integral facts, but exercising plenary review of the lower court's interpretation and application of those facts to legal precepts." *In re Cellnet Data Sys., Inc.*, 327 F.3d at 244.

## IV.    DISCUSSION

Here, the parties agree that there are no disputes as to the material facts underlying this matter and that the question presented on appeal is purely a legal one. (*See* Appellant's Br. 4; *See* City's Br. 2.) The Court agrees and, accordingly, applies a *de novo* standard of review. *See In re Hackler*, 588 B.R. 394, 397 (D.N.J. 2018), *aff'd sub nom. In re Hackler & Stelzle-Hackler*, 938 F.3d 473 (3d Cir. 2019) (citing *In re AE Liquidation, Inc.*, 866 F.3d 515, 522 (3d Cir. 2017)).

"[A] discharge operates as an injunction against a broad array of creditor efforts to collect debts as personal liabilities of the discharged debtor." *In re Joubert*, 411 F.3d 452, 456 (3d Cir. 2005). "Exceptions to discharge are strictly construed against creditors and liberally construed in favor of debtors." *Customers Bank v. Osadchuk*, No. 17-8367, 2018 WL 4562403, at *2 (D.N.J.

8

Sept. 24, 2018) (quoting *In re Cohn*, 54 F.3d 1108, 1113 (3d Cir. 1995)). "Thus, to render a debt not dischargeable a creditor must prove its case by a preponderance of the evidence." *Id.* (citing Grogan v. Garner, 498 U.S. 279, 291 (1991)). Under 11 U.S.C. § 523(a)(7), a debt is not dischargeable "[1] to the extent such debt is for a fine, penalty, or forfeiture [2] payable to and for the benefit of a governmental unit, and [3] is not compensation for actual pecuniary loss, other than a tax penalty[.]" Because the parties agree that the Debt is payable to a governmental unit, the Court, accordingly, considers whether the City has proven the first and third elements by a preponderance of the evidence.

### A.     The Debt is a Fine, Penalty, or Forfeiture

A debt is not dischargeable "to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty[.]" 11 U.S.C. § 523(a)(7). Moreover, the Section 523(a)(7) exception encompasses both civil and criminal penalties. *See In re Bace*, No. 11-6065, 2012 WL 2567153, at *5 (S.D.N.Y. May 10, 2012), *report and recommendation adopted sub nom. Bace v. Babitt*, No. 11-6065, 2012 WL 2574750 (S.D.N.Y. July 3, 2012) ("Contrary to appellant's contention, this section does not distinguish between criminal and civil fines and penalties.") (citing 4 Alan N. Resnick & Henry J. Sommer, *Collier on Bankruptcy* ¶ 523.13[2], 16th ed. (2012) ("The text of [S]ection 523(a)(7) does not distinguish between criminal and civil fines [and] penalties . . . ."). "Although the label that state law affixes to a certain type of debt cannot of itself be determinative of the debt's character for purposes of the federal dischargeability provisions, such state-law designations are at least helpful to courts in determining the generic nature of such debts . . . ." *Dobrek v. Phelan*, 419 F.3d 259, 266 (3d Cir. 2005).

9

The Third Circuit first addressed the meaning of "forfeiture" within the context of Section 523(a)(7) in *In re Gi Nam*, 273 F.3d 281, 286 (3d Cir. 2001), *as amended* (Dec. 6, 2001). There the court wrote that "'forfeiture' is defined in *Black's Law Dictionary* as 'a divestiture of specific property without compensation; . . . [a] deprivation or destruction of a right in consequence of the nonperformance of some obligation or condition.'" *Id.* (citing Black's Law Dictionary 650 (6th Ed. 1990)).[8] The Third Circuit reiterated this finding in *Dobrek* and stated that "[t]he plain meaning of "forfeiture" as used in § 523(a)(7) is unambiguous." *Dobrek*, 419 F.3d at 263.

The statute at issue here, N.J. Stat. Ann. § 40A:14-149.3, is titled "[r]eimbursement of municipality of salary received during suspension by police officer if found guilty." The statute reads, in its entirety, "[i]f any municipal police officer is suspended with pay and is found guilty of the charges brought against him said police officer shall reimburse the municipality for all pay received by him during the period of his suspension." N.J. Stat. Ann. § 40A:14-149.3. The City argues, and the Court agrees, that if the verb "forfeit" was substituted for "reimburse," the meaning of N.J. Stat. Ann. § 40A:14-149.3 would remain the same. (*See* City Opp'n Br. 11.) The statute requires an officer convicted of a crime to return the salary he or she received during their suspension. This is, quite clearly, a "divestiture of specific property without compensation." The Debt, therefore, is a fine, penalty, or forfeiture under Section 523(a)(7). The Court finds, accordingly, that the City has established this element by a preponderance of the evidence.

---

[8] *See also id.* ("'Forfeiture' is defined by *Webster's Dictionary* as 'the divesting of the ownership of particular property of a person on account of the breach of a legal duty and without any compensation to him: the loss of property or money on account of one's breach of the terms of an agreement, bond, or other legal obligation.'") (citation omitted).

## B.      The Debt is Not Compensation for Actual Pecuniary Loss

The dischargeability of a debt turns, in part, on whether or not the debt is compensation for actual pecuniary loss. *See* 11 U.S.C. § 523(a)(7). When addressing this element in her ruling, Judge Ferguson held, in relevant part, that:

> In the broadest sense, that is the one urged by the Debtor, [the Debt] is compensation because the City of Newark is being repaid its out-of-pocket expenses for paying the officer's salary. In the narrower sense, the one urged by the City, it is not compensation because the City suffered no actual loss from the Debtor selling stolen data to third parties.
>
> The [c]ourt finds this, a narrower interpretation, is more consistent with the statutory purpose and case law interpreting [Section] 523(a)(7). The [D]ebt at issue here is not the repayment of ill-gotten gains. To the contrary, it's an additional penalty for a police officer convicted of a crime. In that sense, it is penal in nature and, thus, akin to the type of debt found to be [nondischargeable] in *Kelly v. Robinson*, 479 U.S. 36 [(1986)], the seminal Supreme Court case on this issue.
>
> The fact that the forfeiture at issue here is the amount of the Debtor's unearned salary is not dispositive because as the [c]ourt in *In re Kish* found, even if the penalty is based in part on measurable pecuniary loss, it will not be deemed compensation for such a loss under [Section] 523(a)(7) if its primary purpose is penal.

(Tr. 15:22–16:16.)

"The term 'actual pecuniary loss' clearly connotes measurable damages from particular instances of wrongdoing." *In re Kish*, 238 B.R. at 285. "Moreover, it has been held that even if a penalty is based in part on measurable pecuniary loss, it will not be deemed compensation for such loss under 523(a)(7) if its primary purpose is penal." *Id.*; *see also In re Smith*, 317 B.R. 302, 312 (Bankr. D. Md. 2004) ("The mere fact that a penal sanction is calculated by reference to actual costs does not, in and of itself, transform the penalty into compensation for pecuniary loss. Even where a debt is intended to help defray the expense of government, it may not be dischargeable if

its primary purpose is penal.") (internal quotation omitted) (citation omitted); *In re Thompson*, 16 F.3d 576 (4th Cir. 1994) (court costs assessed against convicted criminal defendant were not dischargeable); *Matter of Zarzynski*, 771 F.2d 304, 306 (7th Cir. 1985) (costs expended by the county during a criminal prosecution did not constitute "an actual pecuniary loss" and, therefore, were not dischargeable in bankruptcy); *Richmond v. N.H. Supreme Court Comm. On Prof'l Conduct*, 542 F.3d 913, 915 (1st Cir. 2008) (costs expended by professional conduct committee during the pendency of a disciplinary action against an attorney were not dischargeable because they did not constitute "an actual pecuniary loss").

In *Kelly*, the Supreme Court considered whether restitution obligations imposed as a condition of probation were dischargeable through bankruptcy. 479 U.S. at 38. The respondent in that case had pleaded guilty to larceny in connection with the wrongful receipt of $9,932.95 in welfare benefits. *Id.* The trial court imposed a suspended sentence and ordered respondent to be put on probation for a period of five years. *Id.* at 38–39. As a condition of her probation, the respondent was ordered to make restitution payments of $100 per month to the probation office beginning on January 16, 1981 and continuing for the duration of her probationary term. *Id.* at 39. On February 5, 1981, the respondent filed a voluntary Chapter 7 bankruptcy petition seeking, in part, to discharge the obligation. *Id.* The Supreme Court ruled that the debt was nondischargeable because the primary purpose was rehabilitative and penal, rather than compensatory. *Id.* at 53 ("The sentence following a criminal conviction necessarily considers the penal and rehabilitative interests of the State. Those interests are sufficient to place restitution orders within the meaning of § 523(a)(7).").

The reasoning of *Kelly* "also applies to civil penalties." *In re Kish*, 238 B.R. at 285 (citing *U.S. Dep't of Housing & Urban Development v. Cost Control Marketing & Sales Management of*

*Virginia, Inc.*, 64 F.3d 920 (4th Cir. 1995)). In *Cost Control Marketing* "[t]he court held that because the judgment for disgorgement of wrongful profits was penal in nature, it was nondischargeable under Code section 523(a)(7) even if injured persons may thereby receive compensation for actual pecuniary loss." *In re Kish*, 238 B.R. at 285 (citing *Cost Control Marketing*, 64 F.3d at 928).

Here, the primary purpose of the Debt is clearly penal. As Judge Ferguson aptly noted, the Debt is "not the repayment of ill-gotten gains." (Tr. 16:5–6.) Rather it is an additional civil penalty imposed upon any police officer convicted of a crime. As noted above, "even if a penalty is based in part on measurable pecuniary loss"—in this case, the payment of the Debtor's salary—"it will not be deemed compensation for such loss under 523(a)(7) if its primary purpose is penal." *In re Kish*, 238 B.R. at 285. A plain reading of the statute necessitates such a conclusion. "In expounding a statute, we must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy." *Kelly*, 479 U.S. at 43 (quoting *Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 222 (1986)). "Exceptions to discharge under the Bankruptcy Code are often narrowly construed to further the [Bankruptcy] Code's purpose of giving a 'fresh start' to honest debtors." *Richmond*, 542 F.3d at 917 (citation omitted). Indeed, "[t]he bankruptcy laws are not a haven for criminal offenders, but are designed to give relief from financial overextension." *In re Thompson*, 16 F.3d 576, 579–80 (4th Cir. 1994) (quoting H. Rep. No. 595, 95th Cong., 2nd Sess. 342, *reprinted in* 1978 U.S. Code Cong. & Admin. News 5787, 6299 (legislative history to automatic stay provision). Courts should "construe the language of statutes to avoid results that are 'absurd' or 'at variance with the policy of the legislation as a whole.'" *In re Klaas*, 858 F.3d 820, 831 (3d Cir. 2017) (rejecting creditor's argument because it "would . . . produce absurd results") (citation omitted).

13

Debtor is not an "honest debtor" who is suffering from "financial overextension." Quite the opposite. Moreover, Debtor's argument would create a system wherein a police officer could be charged with a crime, know he is guilty of that crime, be paid his full salary for pendency of the investigative process or trial, ultimately plead to or be found guilty of that crime, and simply declare bankruptcy and avoid having to fully re-pay the money. Such a system would clearly produce an "absurd result" and be "at variance with the policy of the legislation as a whole." The Court declines to endorse such a system. The Court finds that the City has proven, by a preponderance of the evidence, that the statute's primary purpose is penal and, therefore, the Debt is not compensation for an actual pecuniary loss. The Debt, accordingly, is not dischargeable through bankruptcy.

### C. The Court Rejects Debtor's Constitutional Arguments

Finally, Debtor argues that "[t]he Debt at issue cannot be a fine, penalty[,] or forfeiture . . . because it would violate the [Eighth] Amendment of the United States Constitution and Article 1 Section 12 of the New Jersey Constitution, which both forbid the imposition of excessive fines by the government." (Debtor's Appeal Br. 15.) As discussed in footnote 7, *supra*, there is no evidence this issue was raised sufficiently below to merit consideration now. Debtor appears to acknowledge this issue and argues that "because [this] is a purely legal issue, there are no new facts required to decide it, and it is a constitutional issue of public importance, this [C]ourt may exercise its discretion to address the issue." (Debtor's Reply Br. 6–7.)

For several reasons, the Court rejects Debtor's constitutional arguments. A reviewing court "generally refuse[s] to consider issues on appeal that were not raised in the lower courts." *Matter of Am. Biomaterials Corp.*, 954 F.2d 919, 927 (3d Cir. 1992) (holding that "the government has waived this issue by choosing not to raise it before the Bankruptcy Court"); *see also Selected Risks*

*Ins. Co. v. Bruno*, 718 F.2d 67, 69 (3d Cir. 1983) ("It is the general rule that a federal appellate court does not consider an issue not passed upon below.") (citing *Singleton v. Wulff*, 428 U.S. 106, 120 (1976)). "There are exceptions to this rule, however. First, there are certain issues, such as subject matter jurisdiction, which cannot be waived. Second, even if an issue was not raised, this Court has discretionary power to address issues that have been waived." *Huber v. Taylor*, 469 F.3d 67, 74 (3d Cir. 2006) (internal citations and quotations omitted). "Indeed, we have been reluctant to apply the waiver doctrine when only an issue of law is raised." *Id.* A reviewing court "may consider a pure question of law even if not raised below where refusal to reach the issue would result in a miscarriage of justice or where the issue's resolution is of public importance" *Loretangeli v. Critelli*, 853 F.2d 186, 190 n.5 (3d Cir. 1988). "[I]n the past [the Third Circuit has] heard issues not raised in the district court when prompted by exceptional circumstances." *Bruno*, 718 F.2d at 69. In *Bagot*, the Third Circuit stated that the case before them was "such an exceptional case, and that it is therefore appropriate to consider Bagot's waived arguments on appeal." 398 F.3d at 256. The court further noted that "failing to consider Bagot's arguments would result in the substantial injustice of deporting an American citizen." *Id.*

The Court finds no such exceptional circumstances present in this case. Debtor easily could have raised his constitutionality before the Bankruptcy Court, but he chose not to do so. This Court's decision not to exercise its discretion and entertain these arguments will not result in a "substantial injustice." Additionally, Local Civil Rule 24.1(b) provides,

> (b) If, at any time prior to the trial of an action in which neither the State of New Jersey nor any officer, agency or employee thereof is a party, a party to the action questions the constitutionality of any State statute, such party (to enable the Court to comply with 28 U.S.C. §2403(b)) shall forthwith, upon the filing of any pleading which raises the question, notify the Judge to whom the action is assigned, in writing, of the existence of said question identifying: (1) the title and docket number of the action; (2) the statute

> challenged; and (3) why it is claimed that the statute is unconstitutional. If memoranda have been served discussing the constitutional question, two copies of each memorandum shall be forwarded with the notification.

L. Civ. R. 24.1(b). As the City notes, at no point during this proceeding did Debtor comply with this rule. Additionally, Debtor's reply brief does not even address the City's argument on this point. (*See generally* Debtor's Reply Br.)

Finally, the Court notes that in *In re Bilzerian*, the Eleventh Circuit found similar constitutional claims to be "groundless." The court wrote:

> Bilzerian also raises constitutional objections, claiming that an order holding the disgorgement judgment nondischargeable would violate the Double Jeopardy Clause and would constitute an excessive fine in violation of the Eighth Amendment. These constitutional claims are groundless. A civil remedy following criminal conviction only constitutes "punishment" for purposes of the Double Jeopardy Clause when it is so severe or so unrelated to remedial goals that it amounts to a second criminal punishment. While the fraud exception to discharge does have a deterrent goal, it is clearly not "punitive," because Bilzerian's disgorgement was explicitly limited to profits resulting from illegal conduct. Moreover, exception from discharge in bankruptcy is not an excessive fine because it is not disproportionate to the wrongful conduct it was designed to remedy.

*In re Bilzerian*, 153 F.3d 1278, 1283 (11th Cir. 1998).

## V. **CONCLUSION**

For the foregoing reasons, Appellant's Appeal is denied, and the order of the Bankruptcy Court is affirmed. An Order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: September 28, 2020